**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01308-CMA-MEH

LIBERTY ACQUISITIONS SERVICING LLC,

    Plaintiff,

v.

CHRISTI PUFF,

    Defendant.

---

## *SUA SPONTE* ORDER REMANDING CASE TO STATE COURT

---

This matter is before the Court *sua sponte* on the "Notice of Removal 28 U.S.C. § 1446" (Doc. # 1), filed by Defendant Christi Puff. The Court finds that Defendant has not established subject matter jurisdiction because the amount in controversy, exclusive of interest and costs, does not exceed the sum or value of $75,000. As such, the Court REMANDS the case to the District Court, County of Denver, Colorado, for further proceedings.

### I. BACKGROUND

Plaintiff Liberty Acquisitions Servicing LLC ("Liberty") filed a Complaint in Denver County District Court on March 12, 2012. (Doc. # 3.) The Complaint demands judgment against Defendant in the amount of $57,773.65, plus interest, costs, and attorney's fees. (*Id.*, ¶ 3.) Defendant was served with the Complaint on April 19, 2012.

(Doc. # 1.) She filed her Notice of Removal on May 18, 2012, asserting diversity jurisdiction. (Doc. # 1.)

## II. LEGAL STANDARD

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Ctny. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). By necessity, this requirement permits *sua sponte* action by the court. *See id.*; *see also* 28 U.S.C. § 1447(c) (court may *sua sponte* remand an action where "it appears that the district court lacks subject matter jurisdiction").

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" when the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). A defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

The party invoking subject-matter jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, when a defendant removes a case from state court asserting diversity jurisdiction, she

must establish that the jurisdictional requirements of 28 U.S.C. § 1332 have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). A removing defendant must prove jurisdictional facts, including that the amount in controversy exceeds $75,000, by a "preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Moreover, there is a general "presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Courts also presume that, when a plaintiff has not instituted suit in federal court, he "'has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873.

### III. DISCUSSION

Plaintiff asserted an amount in controversy of $57,773.65 plus interest, costs, and attorney's fees in the Complaint it filed in Denver County District Court. (Doc. # 3, ¶ 3.) In the Notice of Removal, Defendant does not contradict that amount. (*See* Doc. # 1.) To the contrary, the Notice of Removal fails to address at all the amount in

controversy requirement and, instead, relies solely on the alleged diversity of the parties.  Since Defendant has provided no evidence to establish that the claimed damages exceed $75,000, as required by 28 U.S.C. § 1332(a), the Court relies on the amount listed in the Complaint.  Thus, the Court finds that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to establish the amount in controversy.  Absent satisfaction of this prerequisite, the Court lacks subject matter jurisdiction over this action.  Accordingly, it is ORDERED that this case be REMANDED to the District Court, County of Denver, Colorado, for further proceedings.

DATED:  May   25  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge